The opinion of the court was delivered by
Manning, C. J.
E. H. Doane was charged with being an accessory before the fact to the murder of Isaac Myrick, and after a preliminary examination, was held in a bond of five thousand dollars by the committing magistrate to answer the charge before the District Court. He gave the bond with two sureties. That court afterwards met at the regular time for its next ensuing term, and a grand jury was empanelled, which failed to find a bill against Doane. After, the discharge of the grand jury, Doane’s sureties moved to be released from their bond.
The State opposed their discharge for the reason that although the *1195 grand jury had not found a true bill against Doane at that term, non constat that a subsequent grand jury would not find such a bill at some subsequent term, and the crime being imprescriptible, Doane was liable always to an indictment. The State also contended that the sureties must be held bound until the grand jury had acted on the charge, and! returned, “ not a true bill.”
If the sureties to a bond of this kind must be held bound until a second term of the court is held, and a second grand jury has been empanelled and discharged, they may be held until any subsequent term of court, or forever. They were entitled to a discharge from the appearance bond after the discharge of the grand jury at the first term after the execution of the bond, without finding a true bill.
The failure of the grand jury to indict the accused does not of itself ' relieve him of liability to a future prosecution. That can only be done by the jury acting on the charge, and returning, “not a true bill.” But that is not the question here, but solely, whether the sureties to his-appearance bond should be released by a judgment of court under the facts shewn. We think they were properly released from their bond.
Judgment affirmed.